Anthony J. Di Giovanna, J.
This is a motion to consolidate an action pending in the City Court with an action pending in this court.
*697 The two defendants, Alvin Hunt and Curk Lordge, were involved in an automobile accident wherein their respective vehicles collided. There were other collisions involved not concerned herein. Curk Lordge commenced an action in the City Court for personal injuries and that action now bears calendar Number D1544. Subsequent to that time passengers in the Hunt automobile commenced an action against Hunt and Lordge in this court. By reason of the serious physical condition of one of the plaintiffs a rule 151 preference (Rules Civ. Prac., rule 151) was granted in the Supreme Court action and this case appeared on the Trial Term Calendar of this court on March 5, 1962 for trial. This case was adjourned by the court at Trial Term, Part I, to March 12, 1962 pending the disposition of this motion. Mr. Lordge claims that he did not learn of the fact that a preference was granted and that this case was upon the calendar for March 5, 1962 before the preparation of the moving affidavit sworn to on March 1, 1962. "Why he did not know of the fact that the case was to be tried on March 5, 1962, in view of the fact that he is a defendant in the Supreme Court action, is not understandable. Certainly, the attorney appearing for him in the Supreme Court action must have notified him to prepare for trial on that date.
This motion to consolidate the City Court action, belatedly made at this time, may serve to embarrass and prejudice the rights of the plaintiffs in the Supreme Court action. While it is true that the judgment in the Supreme Court action may very well result in a situation so that the issues between Mr. Lordge and Mr. Hunt may become bound by the doctrine of res judicata in the City Court action, such result may enure to the benefit of Mr. Lordge also. In any event, if a judgment in the Supreme Court action is in favor of the plaintiffs against both defendants, then the issues in the City Court action may never be tried. Similarly, if the judgment in the Supreme Court action is in favor of the plaintiffs against only Mr. Hunt and if Mr. Lordge is exonerated from a charge of negligence in this action, then probably in the City Court action only an assessment of damages would be required.
Under the peculiar circumstances present herein the court feels that the interests of justice require that the motion for consolidation be denied.